Mr. Larry Norris, Director Arkansas Department of Correction P.O. Box 8707 Pine Bluff, AR 71611-8707
Dear Mr. Norris:
This is in response to your request for an opinion on the Department of Correction's authority to grant meritorious furloughs.[1] Somewhat restated, your question asks if A.C.A. §§ 12-27-101(a)(1) and 12-30-401, together or separately, give the Department of Correction direct or implied authority to grant meritorious furloughs to incarcerated persons.
The answer to this question is, in my opinion, "no." Neither section concerns furloughs, per se. Thus, I am reluctant to conclude that either provision directly or impliedly concerns meritorious furloughs from the Department of Correction. Nevertheless, general furlough authority seems plainly contemplated by a different provision of the Code. In §12-50-108(3) (Cum. Supp. 1993), furlough approval is made nondelegable where incarceration is contracted out to a private agency. This provision refers to the power of the director (defined in § 12-50-103(5) as the Director of the Department of Correction) to "approv[e] inmates for furlough and work release[.]"
Section 12-50-108(3) is not, however, an affirmative grant of furlough authority to the Department, and my research did not uncover one. Any furlough authority recognized by the section would presumably be implemented by regulations which the Department is best suited to promulgate and that are consistent with its powers and duties under A.C.A. § 12-27-103 (Cum. Supp. 1993).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General David R. Raupp.
Sincerely,
WINSTON BRYANT Attorney General
WB:DRR/cyh
[1] My opinion assumes that meritorious furloughs are not different from other furloughs, e.g., an emergency furlough as authorized by sheriffs and police chiefs under A.C.A. § 12-41-104 (1987), but that they are different from meritorious good time which affects transfer eligibility under A.C.A. § 12-29-201 (Cum. Supp. 1993).